**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**TARVISH LEVITICUS DUNHAM,**

    Plaintiff,

v.
                                                **CIVIL ACTION NO. 2:13-CV-63
                                                (BAILEY)**

**FEDERAL CORRECTIONAL
INSTITUTION GILMER, A. SLINGER, Lt.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on October 22, 2013, wherein he recommends this Court dismiss the plaintiff's Complaint without prejudice for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on October 24, 2013 [Doc. 17]. The plaintiff filed his Objections on November 14, 2013 [Doc. 18]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. This Court will review the remaining portions of the R&R for clear error.

I. Plaintiff's ***Bivens*** Claim

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983 or any other federal law, including a ***Bivens*** action such as the instant case, is subject to the exhaustion of administrative remedies. **Porter v. Nussle**, 534 U.S. 516, 524 (2002). Exhaustion is mandatory. **Booth v. Churner**, 532 U.S. 731, 741 (2001). Further, exhaustion is required even when the relief sought is not available. **Booth**, at 741. Because such exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. See **Porter**, at 524 (citing **Booth**, at 741). If failure to exhaust is apparent from the face of the complaint, the Court may dismiss the case *sua sponte*. See **Anderson v. XYZ Prison Heath Servs.**, 407 F.3d 674, 681-82 (4th Cir. 2005).

Here, the plaintiff does not contest that he failed to exhaust his administrative remedies. In his Complaint, the plaintiff states that he does not need to do so because "I'm seeking compensatory damages and a grievance doesn't cover that." [Doc. 9 at 4]. As

2

noted above, however, exhaustion is required even when the relief sought is not available. **Booth**, at 741. Accordingly, the plaintiff's argument is without merit.

Additionally, in his Objections [Doc. 18], the plaintiff attempts to further excuse his failure to exhaust by alleging that prison staff has impeded his mail. As previously stated, however, exhaustion is not within this Court's discretion; rather, it is mandatory. *See* **Woodford v. Ngo**, 548 U.S. 81, 84-85 (2006). This Court finds this allegation is both unfounded and does not provide a valid legal basis for his failure to exhaust. Accordingly, the plaintiff's Objection is **OVERRULED**.

II. Plaintiff's FTCA Claim

Similar to a **Bivens** action, prior to the commencement of a civil action in tort against the United States pursuant to the FTCA, a plaintiff must first exhaust his administrative remedies as set forth in 28 U.S.C. § 2675(a). **Plyler v. United States**, 900 F.2d 41, 42 (4th Cir. 1990). Because this requirement is jurisdictional, it cannot be waived. **McNeil v. United States**, 508 U.S. 106 (1993); **Perkins v. United States**, 55 F.3d 910, 917 (4th Cir. 1995); **Berlin v. United States**, 9 F.Supp.2d 648, 650 n.4 (S.D. W.Va. 1997). It is incumbent upon the claimant to exhaust his claim with the agency prior to bringing a suit in district court. 28 U.S.C. § 2675(a). Failure to exhaust administrative remedies must result in dismissal of the lawsuit for want of jurisdiction. **Plyler v. United States**, 900 F.2d 41, 42 (4th Cir. 1990). A court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." **Booth v. Churner**, 532 U.S. 731, 741 n. 6 (2001).

Attached to the plaintiff's Objections is the denial of claim letter for the FTCA claim.

That letter is dated October 30, 2013, several months after the Complaint was filed. Although the plaintiff's FTCA claim is now exhausted, such exhaustion must occur *prior* to bringing a suit in district court. 28 U.S.C. § 2675(a). Accordingly, the plaintiff's Complaint was filed prematurely and must be dismissed without prejudice.

### Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 18]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Dunham has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 22, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE